IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
----------------------------------------------------------------   x
CONFIRMIT, INC.,                                                    :
                                                                    :
                              Plaintiff,                            :
                                                                    :
            -against-                                               :   Index No. 1:21-cv-4319 (NRB)
                                                                    :
AND AGENCY, INC.,                                                   :
                                                                    :
                              Defendant.                            :
                                                                    :
----------------------------------------------------------------   x
```

## (PROPOSED) STIPULATED PROTECTIVE ORDER

The parties hereto assert that they possess confidential information in the form of trade secrets or other confidential and proprietary business, research, development, financial, personal and/or technical information related to the subject matter of this litigation.  The parties recognize that it may be necessary to disclose certain of the asserted confidential information during the course of this litigation.  As a result, the parties desire to limit disclosure and to prevent use of such information for any purposes other than the prosecution and defense of this action.  In addition, the parties contemplate that non-parties may produce confidential information. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties, by and through their respective undersigned counsel, hereby stipulate and agree to the request for, and entry of, the following Protective Order (hereinafter, "**Order**").

1.    **DEFINITIONS**

(a)    The term "**Confidential**" shall describe and categorize any material produced in discovery that the producing party so designates: material that the producing party claims in good faith constitutes, contains, reveals, relates to, or reflects information (i) that the producing party would not normally reveal to third parties except in confidence, or has undertaken with

others to maintain in confidence, (ii) that the producing party believes in good faith to be significantly sensitive, and/or (iii) that is protected from disclosure pursuant to federal or state law or any other applicable privilege or right related to confidentiality or privacy.

(b)     The term "**Confidential – Attorney Eyes Only**" shall describe and categorize any material produced in discovery that the producing party so designates: material that the Producing Party claims in good faith constitutes, reveals, relates to, or reflects information that contains highly sensitive business or personal information, the disclosure of which could cause harm to an individual or to the business or competitive position of the designating party.

(c)     The term "**Discovery Material**" shall mean any Document(s) (as defined below), material, item, testimony, or thing filed with or presented to the Court or produced, served, or generated during the discovery process, including, for example, exhibits, answers to interrogatories, responses to requests for admissions, responses to requests for production, subpoenas, declarations, affidavits, and deposition testimony or transcripts, and all copies, extracts, summaries, compilations, designations, and portions thereof.

(d)     The term "**Document**" shall encompass every means of recording any form of communication or representation upon any tangible medium, including letters, numbers, words, pictures, sounds, or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic or photographic means, magnetic impulse, tape, computer disk, CD-ROM or any other form of electronically stored information, and all other tangible things which come within the meaning of "writing" contained in Rule 1001 of the Federal Rules of Evidence, or within the meaning of "document" or "tangible thing" contained in Rule 34 of the Federal Rules of Civil Procedure.

(e)     The term "**Producing Party**" shall mean any party to this action or any third party, including its counsel, retained experts, directors, officers, employees, business partners, or agents, who produces any Discovery Material.

(f)     The term "**Receiving Party**" shall mean any party to this action, including its counsel, retained experts, directors, officers, employees, business partners, or agents, who receives any Discovery Material in this action.

(g)     The scope of this Order shall be understood to encompass not only Discovery Material designated "Confidential" or "Confidential – Attorney Eyes Only", but also any information derived therefrom, including all copies, excerpts, and summaries thereof, whether partial or complete, as well as testimony and oral conversations which reveal all or part of that information.  Further, information which becomes available to any party via inspection, measuring, analyzing or testing of any sample or thing designated as "Confidential" or "Confidential – Attorney Eyes Only" pursuant to this Order, or which is prepared or derived by utilizing information designated as "Confidential" or "Confidential – Attorney Eyes Only" and supplied under this Order, shall be considered "Confidential" or "Confidential – Attorney Eyes Only", as the case may be, under this Order.

**2.     PROCEDURE FOR DESIGNATING MATERIALS**

Documents, information, materials, pleadings, legal memoranda, expert statements and discovery responses, in whole or in part, may be designated as "Confidential" or "Confidential – Attorney Eyes Only" as follows:

(a)     In the case of Documents or any other tangible thing produced, designations shall be made by placing the legend "Confidential" or "Confidential – Attorney Eyes Only" on each page of the document or on the cover or in a prominent place on any other tangible thing prior to production of the document or tangible thing. Documents disclosed before the execution date of

this Order shall be treated as Confidential by the Receiving Party for five (5) business days

following entry of this Order and then, after five (5) business days, such Documents shall be

deemed declassified unless the Producing Party designates the Documents "Confidential" or

"Confidential – Attorney Eyes Only".

(b)     In producing original files and records for inspection, no marking need be made

by the Producing Party in advance of the inspection;

(c)     In the case of deposition testimony and transcripts or portions thereof, designation

shall be made by the Producing Party either (i) on the record during the deposition, in which case

the portion of the transcript of the designated testimony shall be bound in a separate volume and

marked "Confidential" or "Confidential – Attorney Eyes Only" by the reporter, or (ii) by

captioned, written notice to the reporter and all counsel of record, given within fourteen (14)

business days after the reporter sends written notice to the deponent or the deponent's counsel

that the transcript is available for review, in which case all counsel receiving such notice shall be

responsible for marking the copies of the designated transcript or portion thereof in their

possession or control as directed by the Producing Party or deponent. Pending expiration of the

fourteen (14) business days, all parties and, if applicable, any third party witnesses or attorneys,

shall treat the deposition transcript as if it had been designated "Confidential – Attorney Eyes

Only." No person shall attend the designated portions of such depositions unless such person is

an authorized recipient of information designated "Confidential" or "Confidential – Attorney

Eyes Only" under the terms of this Order or the parties agree to such person's attendance.

(d)     When a party wishes to designate as "Confidential" or "Confidential – Attorney

Eyes Only" its own materials produced by someone else, such designation shall be made:

(i) within fourteen (14) days from the date that the party requesting the designation receives

copies of such materials from the producing or disclosing entity; and (ii) by written notice to all

parties to this action and to the producing party, if such party is not a party to this action, and

identifying the materials to be designated with particularity (either by production numbers or by

providing other adequate identification of the specific material). Such notice may be provided by

e-mail. The parties receiving such materials agree to treat them as "Confidential – Attorney Eyes

Only" materials under this Protective Order until expiration of said fourteen (14) day period or

until designation is made as set forth above within said fourteen (14) day period.

**3.    CONTESTING THE DESIGNATION**

(a)    No party to this action shall be obligated to challenge the propriety of any

designation by any Producing Party, and a failure to do so shall not constitute a waiver or in any

way preclude a subsequent challenge in this or any other action to the propriety of such

designation.

(b)    Any party may contest a claim of confidentiality. Any party objecting to the

designation of any Discovery Material as "Confidential" or "Confidential – Attorney Eyes Only"

must give outside counsel of record for the Producing Party written notice of its reasons for the

objection. Failing resolution after service of the written notice of its reasons for the objection,

the party objecting may, on a duly noticed motion, seek an order changing or removing the

designation. In the resolution of such matter, the burden of establishing confidentiality shall be

on the party who made the claim of confidentiality, i.e., the Producing Party, but information

designated as "Confidential" or "Confidential – Attorney Eyes Only" shall be deemed as such

until the matter is resolved.

**4.    RESTRICTION ON DISCLOSURE AND USE**

(a)    *Confidentiality*. Information designated "Confidential" or "Confidential –

Attorney Eyes Only" and the information derived from such Confidential Information or Highly

Confidential Information (excluding information which is derived lawfully from an independent source) shall be kept confidential, shall not be used for any purposes other than the prosecution and defense of this action and shall not be given, shown, made available, discussed, or otherwise communicated in any manner, either directly or indirectly, to any person not authorized to receive the information under the terms of this Order.

(b)     *Maintenance of Confidential Information.*  Confidential Information and Highly Confidential Information shall be maintained by the Receiving Party at a location and under circumstances to ensure that access is limited to those persons entitled to have access under this Order.

(c)     A Producing Party is free to do whatever it desires with its own Confidential Information or Highly Confidential Information.

## 5.     ACCESS TO CONFIDENTIAL INFORMATION

(a)     Information designated "Confidential" shall be available only to the following persons subject to the terms of Paragraph 6:

(i)     Approved in-house personnel of a party, a party affiliate, or an entity in privity with a party in connection with this action, each of whom shall be identified by written notice to each other party at least five (5) business days before receiving any disclosure of Confidential Information.  The notice shall include the in-house personnel's title or position and duties and responsibilities of the individual and shall include a signed Acknowledgement of Protective Order, which is attached as Exhibit A.  "Personnel" shall include only (i) in-house counsel who have primary responsibility for this litigation or (ii) those individuals who both (a) do not have competitive decision making authority for or direct oversight of sales and marketing or otherwise substantively participate in client decisions that are made in light of

information about a competitor, and (b) have litigation oversight responsibilities for this litigation.

(ii)     Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, clerks, secretaries, contract attorneys, IT personnel, and clerical personnel;

(iii)    Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which this action is pending or qualified court reporters;

(iv)     Approved consultants or experts and their clerical staff, excluding employees, officers or directors of a named party or owners of more than a two-percent interest in a named party, retained by any of the parties or their counsel to consult or testify in the case;

(v)      Authors or drafters; addressees; anyone who received the documents or information prior to the commencement of this action; or anyone who received the document or information during this action but only if they obtained the document or information independently and outside of this action and not in violation of this Order; anyone who is a current employee of the Producing Party and would have access to such confidential information as part of his or her employment; and anyone who is a previous employee of the Producing Party provided that (a) the previous employee reviews this Protective Order and executes the Acknowledgement of Protective Order attached as Exhibit A; (b) the previous employee of the Producing Party had access to such confidential information during the term of such previous employment and is not employed or retained by the Receiving Party; and (c) the information designated "Confidential" or "Confidential – Attorney Eyes Only" is shared with the previous employee of the Producing Party only during a deposition taken in this action;

(vi)  Litigation support consultants engaged to provide services relating to document processing, indexing, scanning, imaging or storage, translation, interpretation, demonstrative exhibits, graphics, charts, animations, design services, and/or non-technical trial services, provided they acknowledge that they will abide by this Order by signing the attached Acknowledgement. Where a company or firm is retained for such litigation support services, it shall be sufficient for purposes of this Order that a representative of such company or firm sign the attached Acknowledgement on behalf of the company or firm. Such representative shall be responsible for ensuring that any employee, consultant, or representative of that company or firm who receives information designated "Confidential" or "Confidential – Attorney Eyes Only" abides by the provisions of this Order;

(vii)  Court reporters and videographers taking testimony involving information designated as "Confidential" or "Confidential – Attorney Eyes Only" and necessary stenographic and clerical personnel thereof;

(viii)  Trial consulting services retained by a party in this action, provided they acknowledge that they will abide by this Order by signing the attached Acknowledgement;

(ix)  Persons who have been retained by a party to provide translation or interpretation from one language to another, provided they acknowledge that they will abide by this Order by signing the attached Acknowledgement;

(x)  Mock judges and/ or jurors retained by a party in this action, excluding individuals who are officers, directors, or employees of a named party, or owners of more than a two-percent interest in a named party, provided they acknowledge that they will abide by this Order by signing the attached Acknowledgement; and

(xi)     Any other person authorized to receive information designated "Confidential" or "Confidential – Attorney Eyes Only" by order of the Court or by written agreement of the parties.

(b)     Material produced and marked as "Confidential – Attorney Eyes Only" may be disclosed only to individuals identified in Paragraphs 5(a)(ii)–(ix), and to any other persons as counsel for the Producing Party agrees in advance or as otherwise Ordered by the Court.

## 6.     CONDITIONS ON ACCESS TO CONFIDENTIAL INFORMATION

(a)     *Consultants and Experts.*  Prior to a Receiving Party giving, showing, disclosing, making available or communicating information designated "Confidential" or "Confidential – Attorney Eyes Only" to any expert or consultant under Paragraphs 5(a)(iv) above, the party shall:

(i)     Serve a notice on the Producing Party, identifying the expert or consultant and the expert's or consultant's business address, business telephone numbers, present employer and position (along with a job description), consulting activities and job history for the past three years, and past or present relationship, if any, with the Receiving Party.  Furthermore, if available or reasonably obtainable, the most recent curriculum vitae or resume of the expert or consultant shall be provided under this section.  If the most recent curriculum vitae or resume of the expert or consultant provides the information required under this paragraph, then the information need not be separately provided.

(ii)     Include with such notice, a copy of the Acknowledgment of Protective Order, in the form shown in Exhibit A, which is attached hereto, signed by the expert or consultant and including all the information to be completed therein.

(iii)     The Producing Party shall be entitled to object to such disclosure to the expert or consultant within five (5) business days after receipt of the Acknowledgment of Protective Order by stating specifically in writing the reasons why such expert or consultant

9

should not receive the information designated "Confidential" or "Confidential – Attorney Eyes Only."

        (iv)    If the parties are unable to agree on the disclosure to the expert or consultant, the party objecting to such expert or consultant may apply to the Court for an order that disclosure is improper within ten (10) business days of its objection. The burden of establishing the validity of such written objections rests with the objecting party. If the objecting party does not apply to the Court within the prescribed period, the objection shall be deemed withdrawn.

        (v)    No disclosure of the information designated "Confidential" or "Confidential – Attorney Eyes Only" shall be made to the proposed expert or consultant until the time for serving objections to that expert or consultant has passed, or, in the event that a written objection is timely served and a motion to prevent disclosure is filed, until such time as the Court has made a ruling thereon, and then, only in accordance with such ruling.

        (vi)    The filing and pendency of objections shall not limit, delay, or defer any disclosures of information designated "Confidential" or "Confidential – Attorney Eyes Only" to persons as to whom no such objection has been made, nor shall it delay or defer any other pending discovery unless the level of confidentiality bears directly on the objecting party's ability to conduct such discovery.

        (b)    *Patent Prosecution.* Any attorney for or representing Plaintiff or Defendant, whether in-house or outside counsel, and any person associated with Plaintiff or Defendant and permitted to receive information designated "Confidential" or "Confidential – Attorney Eyes Only," pursuant to Paragraph 5 herein, who obtains, receives, has access to, or otherwise learns, in whole or in part, information designated "Confidential" or "Confidential – Attorney Eyes

Only" under this Order shall not prepare, prosecute, supervise, or substantively assist in the drafting or amending of patent claims in any patent application pertaining to blood analysis systems, or the disclosed information designated "Confidential" or "Confidential – Attorney Eyes Only" during the pendency of this case and for one year after the conclusion of this litigation, including any appeals.  Any attorney for or representing Plaintiff or Defendant, whether in-house or outside counsel, and any person associated with Plaintiff or Defendant and permitted to receive information designated "Confidential" or "Confidential – Attorney Eyes Only," pursuant to Paragraph 5 herein, who obtains, receives, has access to, or otherwise learns, in whole or in part, information designated "Confidential" or "Confidential – Attorney Eyes Only" under this Order shall not amend, draft, or otherwise substantively assist in the drafting or amending of patent claims in any reexamination, post-grant review ("PGR") or inter partes review ("IPR") proceeding pertaining to blood analysis systems, or the disclosed information designated "Confidential" or "Confidential – Attorney Eyes Only" during the pendency of this case and for one year after the conclusion of this litigation, including any appeals.  Any attorney for or representing Plaintiff or Defendant, whether in-house or outside counsel, and any person associated with Plaintiff or Defendant shall not directly or indirectly use and/or disclose Defendant's information designated "Confidential" or "Confidential – Attorney Eyes Only" to any individuals involved in drafting, amending, or prosecuting patent claims pertaining to blood analysis systems.    The foregoing restrictions of this Paragraph 6(b) shall apply only to individuals, and not to the firms or organizations by which they are employed, nor to individuals who received access to information designated "Confidential" or "Confidential – Attorney Eyes Only" solely in their capacity as clerical staff.  Nothing in this paragraph shall be construed as a

waiver of the other provisions of this Order, including but not limited to those provisions restricting the use and disclosure of Confidential and/or Highly Confidential Information.

**7.    PROCEDURES FOR FILING PAPERS WITH CONFIDENTIAL INFORMATION**

Information designated "Confidential" or "Confidential – Attorney Eyes Only" may be included with, or referred to in, papers filed with the Court where this case is now pending or in any other court only in accordance with the following procedures:

(a)    All information designated "Confidential" or "Confidential – Attorney Eyes Only" must be filed under seal. Counsel for all parties shall follow all applicable local rules and customs for the Court when filing information designated "Confidential" or "Confidential – Attorney Eyes Only" under seal.

(b)    All papers filed with the Court, including but not limited to pleadings and memoranda of law, which include, in their entirety or in part, any information designated "Confidential" or "Confidential – Attorney Eyes Only" must be filed in redacted form and/or filed under seal in accordance with the terms and procedures set forth in this Order, including the procedures for filing materials set forth above in Paragraph 8(a). Counsel for the party filing papers with information designated "Confidential" or "Confidential – Attorney Eyes Only" shall be responsible for appropriately designating the papers filed with the Court as having information designated "Confidential" or "Confidential – Attorney Eyes Only." Such papers shall be subject to the terms of this Order.

**8.    REDACTED FILINGS OF PAPERS WITH CONFIDENTIAL INFORMATION**

Redacted versions of papers with information designated "Confidential" or "Confidential – Attorney Eyes Only" filed under seal may be filed with the Court in accordance with normal procedures and made publicly available provided that:

(a)     All information designated "Confidential" or "Confidential – Attorney Eyes Only" set forth in the papers is deleted or obscured; and

(b)     Redacted versions of the papers are clearly marked "Public Version Confidential Material Omitted."  Redacted versions of the papers also must clearly identify each place where information or exhibits have been deleted.

## 9.     UNINTENTIONAL FAILURE TO DESIGNATE

The inadvertent failure by a producing party to designate specific documents or materials as containing information designated "Confidential" or "Confidential – Attorney Eyes Only" shall not be deemed a waiver in whole or in part of a claim of confidentiality as to such documents or materials.  If, through inadvertence, a Producing Party provides any information designated "Confidential" or "Confidential – Attorney Eyes Only" pursuant to this litigation without so designating and marking such information, the Producing Party may subsequently inform the Receiving Party of the confidential nature of the disclosed information, and the Receiving Party shall treat the disclosed information so designated as "Confidential" or "Confidential – Attorney Eyes Only" as "Confidential" or "Confidential – Attorney Eyes Only" upon receipt of written notice from the Producing Party, to the extent the Receiving Party has not disclosed this information designated "Confidential" or "Confidential – Attorney Eyes Only." Disclosure of such information designated "Confidential" or "Confidential – Attorney Eyes Only" to persons not authorized to receive that material prior to receipt of the confidentiality designation shall not be deemed a violation of this Order.  However, in the event the material has been distributed in a manner inconsistent with the categorical designation, the Receiving Party will take the reasonable steps necessary to conform distribution to the categorical designation, i.e., by retrieving all copies of the information designated "Confidential" or "Confidential – Attorney Eyes Only," or notes or extracts thereof, in the possession of the persons not authorized

13

under this Order to possess such information designated "Confidential" or "Confidential –

Attorney Eyes Only" and advising the person to whom disclosure was made that the material is

confidential and should be treated as provided in the Order.

**10.     DISCLOSURE OF PRIVILEGED INFORMATION**

          (a)     According to Federal Rule of Civil Procedure 26(b)(5) and Federal Rule of

Evidence 502(d), the production of privileged or work-product-protected documents,

electronically stored information, or other information, whether inadvertent or otherwise, is not a

waiver of privilege or protection from discovery in this case or in any other federal or state

proceeding.  This Order will be interpreted to provide the maximum protection allowed by

Federal Rule of Civil Procedure 26(b)(5) and Federal Rule of Evidence 502(d).

          (b)     When a Producing Party discovers that it has disclosed privileged or work-

product-protected documents, electronically stored information, or other information, the

Producing Party may notify the Receiving Party in writing of that disclosure, and the Receiving

Party will then treat the protected documents or information according to Federal Rule of Civil

Procedure 26(b)(5)(B).  Certification of compliance with Rule 26(b)(5)(B) must be given by the

Receiving Party within five (5) business days of receiving the Producing Party's notice.

          (c)     If a Receiving Party determines that it has received privileged or work-product-

protected documents, electronically stored information, or other information, within five (5)

business days of that discovery, the Receiving Party must notify the Producing Party in writing

that it has received the protected documents or information.  Commencing on the date of that

discovery, the Receiving Party will treat the protected documents or information according to

Federal Rule of Civil Procedure 26(b)(5)(B) as if the Producing Party had given notice pursuant

to subparagraph (b) above, and the Receiving Party must provide a certification of compliance

with Rule 26(b)(5)(B) within five (5) business days of that discovery.  However, nothing in this

14

Order obligates a Receiving Party to affirmatively identify protected documents or information within a Producing Party's document production, and a Receiving Party's good-faith failure to recognize a Producing Party's privileged or work-product-protected documents, electronically stored information, or other information will not constitute a violation of this Order.

(d)     Nothing in this Order precludes a party from moving to compel the production of recalled documents or information on the ground that the documents or information are not actually privileged or subject to work-product protection.  However, during the pendency of any such motion to compel, the moving party may retain possession of the documents or information only for purposes of submission to the Court for a determination regarding the claim of privilege or work-product protection.

(e)     Nothing in this Order precludes a Producing Party from voluntarily waiving the attorney-client privilege or work-product protection.  The provisions of Federal Rule of Evidence 502(a) will apply when a Producing Party expressly states in writing that it waives the attorney-client privilege and/or work-product protection for documents with specified production number(s).

## 11.     INFORMATION NOT COVERED BY THIS ORDER

The restrictions set forth in this Order shall not apply to information which is in the possession of or otherwise known to the public, provided that such information does not become publicly known by any act or omission which would be in violation of this Order or any other duty of confidentiality.

## 12.     RESPONSIBILITY OF ATTORNEYS

Outside counsel of record shall be responsible for providing a copy of this Order to all persons entitled access to information designated "Confidential" or "Confidential – Attorney Eyes Only" under Paragraph 5 and to employ reasonable measures to control duplication of,

access to, and distribution of copies of materials so designated. No person shall duplicate any information designated "Confidential" or "Confidential – Attorney Eyes Only" except, as contemplated by this Order, for use as exhibits at depositions, in connection with court filings or, as necessary, by counsel, experts or consultants approved under Paragraphs 5 and 6 for use as working copies. All copies, extracts and translations must be appropriately marked and are subject to Paragraph 13 of this Order.

**13.     FINAL DISPOSITION**

Upon termination, settlement or final judgment of this litigation including exhaustion of all appeals, the originals and all copies of information designated "Confidential" or "Confidential – Attorney Eyes Only" shall be either destroyed or turned over to the Producing Party, or to their respective outside counsel, within sixty (60) calendar days. However, retained counsel may retain pleadings, attorney and consultant work product, and depositions for archival purposes. Subject to Paragraph 27 of this Order, the provisions of this Order insofar as it restricts the disclosure, communication of, and use of information designated "Confidential" or "Confidential – Attorney Eyes Only" produced hereunder shall continue to be binding after the conclusion of this action.

**14.     DISCLOSURE OF CONFIDENTIAL INFORMATION AT TRIAL OR PRE-TRIAL HEARINGS**

This Order governs only discovery. At trial or on appeal, the parties may re-designate or redact their own confidential designations as they deem appropriate.

**15.     REFERENCE TO THIS ORDER AT TRIAL**

No reference may be made at the trial in this action in the presence of a jury to the existence of this Order or to the effect that certain material is subject to this Order.

**16. NO LIMITATION OF OTHER RIGHTS**

This Order shall be without prejudice to the right of any party to oppose production of any information on any and all grounds other than confidentiality.

**17. RELEASE FROM OR MODIFICATION OF THIS ORDER**

This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to release, rescind, or modify the restrictions of this Order, to determine whether a particular person shall be entitled to receive any particular information or to seek relief from inadvertent disclosure of privileged or work-product information. This Order does not preclude all of the parties to this Order from entering into any stipulation (in writing or on the record) constituting a modification of this Order. On any motion seeking disclosures beyond those authorized by this Order, the burden will be on the Receiving Party to justify the disclosure.

**18. DISCOVERY FROM THIRD PARTIES**

If discovery is sought of a person not a party to this action (third party) requiring disclosure of such third party's information designated "Confidential" or "Confidential – Attorney Eyes Only," the information designated "Confidential" or "Confidential – Attorney Eyes Only" disclosed by any such third party will be accorded the same protection as the parties' information designated "Confidential" or "Confidential – Attorney Eyes Only," and will be subject to the same procedures as those governing disclosure of the parties' information designated "Confidential" or "Confidential – Attorney Eyes Only" pursuant to this Order.

**19. ADMISSIBILITY**

Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony, or other matter at any court proceeding related to this matter. The

marking of information as "Confidential" or "Confidential – Attorney Eyes Only" pursuant to

this Order shall not, for that reason alone, bar its introduction or use at any court proceeding

related to this matter pursuant to such terms and conditions as the Court may deem appropriate,

consistent with the need for a complete and accurate record of the proceedings; provided,

however, that every effort shall be made, through the use of procedures agreed upon by the

parties or otherwise, to preserve the confidentiality of information designated "Confidential" or

"Confidential – Attorney Eyes Only."

20.     **NON-PARTY REQUEST/SUBPOENA OF CONFIDENTIAL INFORMATION**

        If a Receiving Party receives a subpoena or other compulsory process from a non-party to

this Order seeking production or other disclosure of a Producing Party's information designated

"Confidential" or "Confidential – Attorney Eyes Only," that Receiving Party shall give written

notice to outside counsel of record for the Producing Party within ten (10) business days after

receipt of the subpoena or other compulsory process identifying the specific information

designated "Confidential" or "Confidential – Attorney Eyes Only" sought and enclosing a copy

of the subpoena or other compulsory process.  If written notice to the Producing Party must be

provided by an earlier time to allow the Producing Party to timely seek a protective order, the

Receiving Party must provide written notice by that earlier time.  If the Producing Party timely

seeks a protective order, the Receiving Party to whom the subpoena or other compulsory process

was issued or served shall not produce the information designated "Confidential" or

"Confidential – Attorney Eyes Only" requested prior to receiving a Court order or consent of the

Producing Party.  In the event that information designated "Confidential" or "Confidential –

Attorney Eyes Only" is produced, other than by Court order, to the non-party in accordance with

this provision, such material shall be treated as information designated "Confidential" or "Confidential – Attorney Eyes Only" pursuant to this Order.

**21.    UNINTENTIONAL DISCLOSURE OF CONFIDENTIAL INFORMATION**

If information designated "Confidential" or "Confidential – Attorney Eyes Only," or any portion thereof, is disclosed by the Receiving Party, through inadvertence or otherwise, to any person or party not authorized under this Protective Order, then the Receiving Party shall use its best efforts to retrieve immediately all copies of such information designated "Confidential" or "Confidential – Attorney Eyes Only," and to bind such person to the terms of this Order. In such event, the Receiving Party shall also (a) promptly inform such person of all the provisions of this Order; (b) identify such person immediately to the Producing Party; and (c) request such person to execute the Acknowledgment of Protective Order in the form shown in Exhibit A.

**22.    COUNSEL'S RIGHT TO PROVIDE ADVICE**

Nothing in this Order shall bar or otherwise restrict any counsel herein from rendering advice to the counsel's party-client with respect to this action, and in the course thereof, relying upon an examination of information designated "Confidential" or "Confidential – Attorney Eyes Only," provided, however that in rendering such advice and in otherwise communicating with the party-client, the counsel shall not disclose any information designated "Confidential" or "Confidential – Attorney Eyes Only" to anyone not authorized to receive such information designated "Confidential" or "Confidential – Attorney Eyes Only" pursuant to the terms of this Order.

**23.    DISCOVERABILITY OF EXPERT MATERIALS**

Discovery of communications between counsel and any independent expert or consultant retained or specially employed by that counsel shall be limited to the factual information, analyses, documents, and/or data relied on by the expert in rendering the opinions expressed in

19

an expert report or at trial. Except as otherwise provided herein, all communications between counsel and the expert relating to the process of preparing an expert report or developing opinions for trial, including all preliminary or draft reports, expert working papers, notes, and communications relating thereto, shall be deemed exempt from discovery and use at trial.

**24.   NO CONTRACT**

To the extent that the parties have agreed on the terms of this Order, such stipulation is for the Court's consideration and approval as an Order. The parties' stipulation shall not be construed to create a contract between the parties or between the parties and their respective counsel.

**25.   EFFECTIVE DATE**

This Order shall be effective retroactive to the commencement of this action.

**26.   TERMINATION**

The termination of this action shall not automatically terminate the effectiveness of this Order and persons subject to this Order shall be bound by the confidentiality obligations of this Order until the Producing Party agrees otherwise in writing or this Court (or any other court or competent jurisdiction) orders otherwise.

Respectfully submitted,

Dated: New York, New York
September 17, 2021

WEISS ZARETT BROFMAN
SONNENKLAR & LEVY, P.C.

By _____
David A. Zarett, Esq.
Joshua D. Sussman, Esq.
Seth A. Nadel, Esq.
3333 New Hyde Park Road, Suite 211
New Hyde Park, New York 11042
(516) 627-7000

*Attorneys for Plaintiff Confirmit, Inc.*

MARK BRADFORD, P.C.

By _____
Mark Bradford
299 12th Street
Brooklyn, New York 11215
Telephone: (347) 413-3287
mb@markbradfordpc.com

*Attorneys for Defendant AND Agency, Inc.*

SO ORDERED:

_____
Hon. Naomi Reice Buchwald, U.S.D.J.

Dated:     September 20, 2021
           New York, N.Y.

21

EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------- x
CONFIRMIT, INC.,                                         :
                                                         :
                        Plaintiff,                       :
                                                         :
            -against-                                    :   Index No. 1:21-cv-4319 (NRB)
                                                         :
AND AGENCY, INC.,                                        :
                                                         :
                        Defendant.                       :
                                                         :
-------------------------------------------------------- x
```

### ACKNOWLEDGEMENT OF PROTECTIVE ORDER

I, _____, state that I have read and reviewed in its entirety the annexed Protective Order ("Protective Order") that has been signed and entered in this matter.

I hereby agree to be bound by and comply with the terms of the Protective Order, and not to disseminate or disclose any information subject to the Protective Order that I review or about which I am told, to any person, entity, party, or agency for any reason, except in accordance with the terms of the Protective Order.

I understand that contempt sanctions may be entered for violation of this Protective Order and further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of this Protective Order.

DATED this _____ day of _____, _____.

_____
(Signature)

_____
(Typed or Printed Name)